

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

This Opinion
Modifies Opinion
* *See attached?*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2658
Re: Authority of Comptroller of
Public Accounts to make refunds
as provided in Sec. 18, Article
7144-a, Vernon's Texas Civil
Statutes (Acts 1933, 43rd Leg.,
p. 561, ch. 192).

We are in receipt of your letter of August 20, 1940, requesting the opinion of this Department as to whether you may make a refund on overpayment of inheritance taxes under Section 18 of Article 7144-a, Vernon's Texas Civil Statutes, (Acts 1933, 43rd Leg., p. 561, Ch. 192), based upon facts appearing hereinafter.

Title 122, Chapter 5, (Article 7117, et seq., R.C.S., 1925) as amended, constitutes what is known as the Inheritance Tax Laws of the State of Texas. Except in the case of a non-resident of Texas, owning no property in this State except stocks or bonds in a domestic corporation or association, payment and disposition of said tax is provided as follows:

"Art. 7152. All taxes received under this law by any executor, administrator or trustee, shall be paid by him to the tax collector of the county whose county court has jurisdiction of the estate of the decedent. Upon such payment, the collector shall make duplicate receipts thereof and shall deliver one to the party making payment, the other he shall send to the Comptroller, who shall charge the collector with the amount thereof and shall countersign and affix his seal to such receipt and transmit same to the party making payment. Acts 1923, 2nd C. S., p. 63."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

"Art. 7142. The collector of taxes of each county shall, on or before the fifteenth day of each month, transmit to the State Treasurer at Austin, Texas, all taxes received before the first day of the month by him under the provisions of law relating to the assessment and collection of inheritance taxes, deducting therefrom all lawful disbursements made by him under the law and also his compensation at the rate of One ($1.00) Dollar, for each estate on which he collected the inheritance tax. Acts 1923, 2nd C. S., p. 63; Acts 1933, 43rd Leg., p. 581, Ch. 192, Sec. 2b (Subsec. 17).

"Art. 7143. All moneys received by the State Treasurer under this chapter shall be deposited in the State Treasury to the credit of the general revenue fund. Acts 1923, 2nd C. S., p. 63."

In the excepted instance mentioned above the Comptroller is directed to value such property and: "The administrator, executor or trustee may pay said tax when notified of the amount by the Comptroller, direct to such officer at Austin. The Comptroller shall then issue and deliver proper receipt therefor to the State Treasurer who shall keep a record of such payment and forward receipts to the trustee." Art. 7129, R.C.S. 1925.

Article 7144a, Vernon's Texas Civil Statutes (Acts 1933, 43rd Leg., p. 581, Ch. 192) levies an additional inheritance tax designed to take advantage of Section 301, Chapter 27 of the Federal Revenue Act of 1926. This additional tax is based upon the difference between the inheritance tax otherwise due the State under Chapter 5, Title 122, mentioned above, and eighty (80%) per cent of the total sum of the estate and transfer taxes imposed on such estate by the United States Government. Section 5 provides for a report to the County Court and Comptroller of Public Accounts showing the values placed on the estate and the amount of the tax assessed by the Federal Government, which is taken into consideration in determining the additional Texas tax.

Honorable George H. Sheppard, page 3

Section 10 provides that if at the time the Texas report is due the Federal taxes have been assessed and fixed, the value of the estate fixed by the Federal Government shall be stated in the report. However, if the Federal taxes have not been assessed when such report is made to the Comptroller, the person required to make the report is required to notify the Comptroller of the valuation by the Federal Government within thirty (30) days after receiving notice of the final assessment and determination of value by the Federal authorities. Under Section 11, the Comptroller is authorized to value or revalue the estate upon receipt of the information mentioned in Section 10 and he may accept the valuation fixed by the Federal Government.

Section 12 reads as follows:

"In the event the valuation of any estate is decreased under the next preceding sections, and the amount of the taxes is determined by the State Comptroller to be less than same had previously been calculated and determined, and if the overpayment of such taxes had been made, then the State Comptroller shall refund said taxes to the extent of the overpayment, out of any subsequent inheritance tax collections made by him before same is deposited to the general revenue fund of the State."

Section 7 provides:

"The notice, the date for maturing, payment, interest and penalties provided for in this Act shall govern in every case of additional taxes assessed by virtue hereof, but the methods and means of collection and enforcement, by suit or otherwise, shall be governed by the provisions of the inheritance tax laws of this State."

In the instant case the ordinary Texas Inheritance Tax was $5,964.30 and the original calculation of the additional tax based upon the difference between the ordinary Texas tax and eighty (80%) per cent of the Federal payment was $6,017.65; which taxes were paid by the taxpayer September 14, 1936. We presume this money was transmitted to the State Treasurer and deposited in the State Treasury as required by the foregoing statutes. Thereafter on August 31, 1939, the taxpayer filed

a claim with the Commissioner of Internal Revenue for refund on the Federal tax because of alleged failures to allow certain legal deductions. This claim was granted, at least in part, so as to reduce the amount of the Federal tax which in turn reduced the difference between the ordinary Texas tax and eighty (80%) per cent of the total amount of Federal taxes finally determined and assessed by the Federal Government by $1,857.56. A claim for refund has been filed with you for this overpayment under Section 12 above quoted.

Section 6, Article 8 of the Texas Constitution reads in part as follows:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, . . ."

The payment heretofore made by the taxpayer or any other money which has found its way into the State Treasury may not be withdrawn in the absence of a specific appropriation. Art. 8, Sec. 6, Constitution; Manion v. Lockhart, State Treasurer, 114 S. W. (2d) 216; Attorney General's Opinion No. O-1044.

Section 12, however, does not attempt to authorize the Comptroller to withdraw money from the treasury actually deposited therein by the Treasurer, but attempts to direct the arrest and diversion of other inheritance taxes after their collection and before they have been forwarded to the Treasurer and deposited in the treasury as otherwise directed by law.

In McCombs v. Dallas County (T.C.A. 1940), 136 S.W. (2d) 975, the Legislature had provided that a portion of the State ad valorem taxes, when collected by the county tax collector, should be delivered to the various counties to be expended by the county commissioners courts. The Court of Civil Appeals applied Article 8, Section 6, and in so doing stated:

"We do not think the attempted arrest of the money and its diversion from the State Treasury to those of the counties, as provided in the Act, can be given the effect of changing the nature of the fund, or of exempting the Act from the provisions of Sec. 6 of Art. 8 of the Constitution."

The Supreme Court, in Dallas County v. McCombs, 140 S. W. (2d) 1109, refused a writ of error without reference to this statement by the Court of Civil Appeals. However, the Supreme Court based its action, in holding the act unconstitutional, upon the ground that said act attempted to make an appropriation for a longer term than two years in violation of Section 6 of Article 8. Necessarily in applying Article 8, Sec. 6, the Supreme Court also held that the attempted diversion of the money in question before it reached the Treasury could not be used as a means to destroy or circumvent such constitutional requirement, and render unnecessary an appropriation in compliance with the terms of the above quoted constitutional provision.

It is unnecessary to consider whether the above mentioned provisions of the inheritance tax law are sufficient within themselves to constitute a specific appropriation since more than two years have elapsed since their passage and the appropriation, if any, would not now be effective. No appropriation has been called to our attention, and after careful search, we have been unable to find an available appropriation out of which inheritance tax refunds may be made.

The opinions of this Department directed to you under date of June 19, 1934, and December 4, 1934, appearing in Letter Books, Vol. 337, p. 186, and Vol. 359, p. 741, do not expressly consider or decide the specific questions hereinabove discussed, but in so far as the same may be in conflict herewith they are hereby modified.

It is our opinion that you may make a refund on overpayment of inheritance taxes as provided by Section 12, Article 7144-a, Vernon's Texas Civil Statutes, only out of an available appropriation and since the Legislature has made no appropriation, it follows that you may not under the facts presented, make refund of the overpayment in question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:AMM

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN